# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| JOHN M. WYATT, § | | |
| Reg. No. 04900-051, § | | |
|     Petitioner, § | | |
| § | | |
| v. § | EP-12-CV-470-KC | |
| § | | |
| WARDEN, FEDERAL BUREAU OF § | | |
| PRISONS and DEPARTMENT OF § | | |
| JUSTICE, § | | |
|     Respondents. § | | |

## MEMORANDUM OPINION AND ORDER

In his fifth *pro se* petition for a writ of habeas corpus,[1] Petitioner John M. Wyatt, a prisoner currently incarcerated at the La Tuna Federal Correctional in Anthony, Texas,[2] once again seeks relief from the 262-month sentence imposed by the United States District Court for the Southern District of Illinois after he pleaded guilty to possessing with the intent to distribute more than 100 kilograms of marijuana.[3]

> The district court that sentenced him concluded that he was a career offender under section 4B1.1 of the Sentencing Guidelines, based, in part, on an erroneous assumption that it should treat his prior conviction for a walkaway escape from a halfway house as a qualifying felony for the career-offender adjustment. The court did not make this assumption without cause; that was

---

[1] *See Wyatt v. Bragg*, EP-11-CV-187-KC, 2011 WL 1839057 (W.D. Tex. May 12, 2011), *appeal dismissed*, 457 F. App'x 443 (5th Cir. 2012); *Wyatt v. Bragg*, EP-10-CV-237-DB (W.D. Tex. Jun. 24, 2010), *appeal dismissed*, 422 F. App'x 352 (5th Cir. 2011); *Wyatt v. Bragg*, EP-09-CV-204-FM (W.D. Tex. Jun. 4, 2009); *Wyatt v. Bragg*, EP-09-CV-71-DB, 2009 WL 8651432 (Mar. 4, 2009).

[2] Anthony is located in El Paso County, Texas, which is within the territorial confines of the Western District of Texas. 28 U.S.C.A. § 124(d)(3) (West 2012).

[3] *United States v. Wyatt*, 3:02-CR-30060-DRH (S.D. Ill. Aug. 31, 2004), *aff'd*, 133 F. App'x 310 (7th Cir. 2005).

the law of [the Seventh Circuit] at the time.[4]

In his first petition, EP-09-CV-71-DB, Wyatt argued the Court should reduce the sentence because—based on the Supreme Court's opinions in *Begay v. United States* [5] and *Chambers v. United States* [6]—he did not meet the criteria for sentencing as an armed career felon. In his second petition, EP-09-CV-204-FM, Wyatt asserted the Court should vacate his conviction because—based on the Supreme Court's decision in *Arizona v. Gant* [7]—a narcotics officer improperly searched his rented recreational vehicle. In his third petition, EP-10-CV-237-DB, Wyatt maintained the trial court erred in determining that he was a "career offender," pursuant to Sentencing Guideline § 4B1.1(a),[8] because his prior escape conviction under 18 U.S.C. § 751(a) for walking away from a halfway house was not a "crime of violence." In his fourth petition, EP-11-CV-187-KC, Wyatt asserted he was not indicted for an offense violating an "Act of

---

[4] *United States v. Wyatt*, 672 F.3d 519, 519–20 (7th Cir. 2012).

[5] *See Begay v. United States*, 553 U.S. 137, 148 (2008) (holding that New Mexico's felony offense of driving under the influence of alcohol was not a "violent felony" within meaning of the section of the Armed Career Criminal Act which imposed a mandatory fifteen-year prison term upon felons who unlawfully possessed a firearm and who had three or more prior convictions for violent felonies).

[6] *See Chambers v. United States*, 555 U.S. 122, 130 (2009) (holding that Illinois's failure-to-report offense did not have as an element the use, attempted use, or threatened use of physical force, was a relatively passive offense that did not involve conduct presenting a serious potential risk of physical injury to another, and did not qualify as "violent felony" under the Armed Career Criminal Act).

[7] *See Arizona v. Gant,* 556 U.S. 332, 351 (2009) (holding the search-incident-to-arrest exception to the Fourth Amendment's warrant requirement did not permit the search of the defendant's vehicle while he was handcuffed in a nearby patrol car).

[8] U.S. SENTENCING GUIDELINES MANUAL § 4B1.1(a) (2003) ("A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.").

Congress," and argued the sentencing court therefore did not have subject-matter jurisdiction to hear the allegation. The Court transferred the first three petitions to the Seventh Circuit for further proceedings. The Court dismissed the fourth petition without prejudice for lack of jurisdiction.

In his instant petition, Wyatt maintains he is attacking the execution of his sentence:

> Petitioner's sentence . . . based on a prior conviction for a walkaway escape from a halfway house cannot qualify as a felony for the career-offender adjustment in light of the U.S. Supreme Court's decisions in *Begay v. United States*, 553 U.S. 137 (2008)[ ] and *Chambers v. United States*, 555 U.S. 122 (2009), and therefore, his sentence is now void under these decisions. More importantly, Petitioner has satisfied the *Reyes-Requena v. United States*, 243 F. 3d 893, 900 (5th Cir. 2001) factors and the "savings clause" of 28 U.S.C. § 2255(e).[9]

A sentenced prisoner may bring a petition under 28 U.S.C. § 2241 for a writ of habeas corpus to challenge "the manner in which a sentence is carried out or the prison authorities' determination of its duration."[10] A § 2241 petitioner may make this attack only in the district court with jurisdiction over his custodian.[11] In the instant case, however, Wyatt actually challenges the sentence imposed after he pleaded guilty to possessing marijuana, not the execution of his sentence.[12] The primary means of collaterally attacking a federal sentence is a

---

[9] Pet'r's Pet. 4.

[10] *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted).

[11] *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).

[12] *See Castro v. United States*, 540 U.S. 375, 381–82 (2003) (Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category. They may do so in order . . . to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis[.]) (citations omitted).

motion to vacate, set aside, or correct a sentence, pursuant to 28 U.S.C. § 2255.[13]  A § 2255 movant may only bring his motion in the district of conviction and sentence.[14]

Section 2255 contains a "savings clause" which acts as a limited exception to the general rules outlined above.[15]  The savings clause permits a federal court to consider a petition filed under § 2241 which challenges a federally imposed sentence when the petitioner establishes that the remedy under § 2255 is "inadequate or ineffective."[16]  According to the Fifth Circuit's opinion in *Reyes-Requena*, a petitioner meets the stringent "inadequate or ineffective" requirement if his claim is "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been *convicted of a nonexistent offense*" and the claim must have been "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion."[17]  Thus, three issues are relevant analytically.  First, there must be a Supreme Court decision with retroactive effect.  Second, the Supreme Court decision must establish that the § 2241 petitioner may have been *convicted of a nonexistent offense*.  Third, the petitioner's claim must have been precluded by established circuit law at the time of petitioner's trial, appeal or first § 2255 motion.  A petitioner must prove all

---

[13] 28 U.S.C.A. § 2255 (West 2012).

[14] *Pack*, 218 F.3d at 452.

[15] *See* 28 U.S.C.A. § 2255(e) ("An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.") (emphasis added).

[16] *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

[17] *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001) (emphasis added).

three elements to successfully invoke the savings clause.[18]

Wyatt contends—based on his claim that he is actually innocent of being a career offender—that he meets the requirements set forth in *Reyes-Requena* to proceed in this Court under the savings clause. The record shows that the Illinois District Court found Wyatt guilty of possessing marijuana, and that it sentenced Wyatt as a career offender under Sentencing Guideline § 4B1.1 based, in part, on his prior conviction for a walkaway escape from a halfway house. The Seventh Circuit suggests "a defendant in Wyatt's circumstances could well be entitled to relief under section 2241 if he were incarcerated in the Seventh Circuit."[19] Wyatt is incarcerated in the Fifth Circuit, however, and Fifth Circuit precedent is binding on this Court "even when the Supreme Court grants certiorari on an issue."[20] The Fifth Circuit consistently disallows similar claims under the savings clause.[21] According to Fifth Circuit precedent, "[a] claim of actual innocence of a career-offender enhancement is not a claim of actual innocence of

---

[18] *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005).

[19] *Wyatt*, 672 F.3d at 524.

[20] *United States v. Lopez-Velasquez*, 526 F.3d 804, 808 n.1 (5th Cir. 2008) (citing *United States v. Short*, 181 F.3d 620, 624 (5th Cir. 1999); *Ellis v. Collins*, 956 F.2d 76, 79 (5th Cir. 1992)).

[21] *Bradford v. Tamez*, 660 F.3d 226, 230 (5th Cir. 2011) ("[T]his Court has held that a claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241."); *Padilla*, 416 F. 3d at 427 ("[B]ecause Padilla does not attack his conviction and his claims challenge only the validity of his sentence, Padilla's § 2241 petition does not fall within the savings clause of § 2255 and the district court properly dismissed Padilla's § 2241 petition."); *Kinder v. Purdy*, 222 F.3d 209, 213–14 (5th Cir. 2000) ("Where the petitioner's case has been viewed as falling within the savings clause, it was in part because the petitioner arguably was convicted for a nonexistent offense. In contrast, Kinder argues that . . . his conviction of conspiracy cannot support application of the Guidelines' career offender provisions. He makes no assertion that he is innocent of the crime for which he was convicted.").

the crime of conviction and, thus, not the type of claim warranting review under § 2241."[22] Since Wyatt's claim does not meet the stringent requirements of the savings clause in the Fifth Circuit, the Court will not permit him to proceed with this action for habeas corpus relief.[23]

Accordingly, based on the foregoing considerations, the Court enters the following orders:

1. The Court **DISMISSES WITH PREJUDICE** Petitioner John M. Wyatt's petition for a writ of habeas corpus under 28 U.S.C. § 2241.

2. The Court additionally **DENIES AS MOOT** any pending motions.

**SIGNED** on this **14th day of December 2012.**

_____
**KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE**

---

[22] *McNeal v. Martin*, 424 F. App'x 322, 323 (5th Cir. 2011) (unpub. op.) (citing *Kinder*, 222 F.3d at 213–14; *Padilla*, 416 F.3d at 427). *See also Wyatt*, 672 F. 3d at 524 ("As matters stand now, Wyatt's claims are being batted back and forth between two circuits with differing views of how (and perhaps whether) he may be heard on the merits of his claim. This is an untenable and unseemly waste of judicial resources.").

[23] *See* 28 U.S.C. § 2243 (West 2012) ("A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person detained is not entitled thereto.*") (emphasis added).